UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| DOUG WALKER, and ) | Case No. 11-52059-659 |
| CARMEN WALKER, ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | |
| SAILOR MUSIC, ET. AL., ) | **Adversary No. 12-4013-659** |
| ) | |
| ) | |
| Plaintiffs, ) | **PUBLISHED** |
| ) | |
| -v- ) | |
| ) | |
| DOUG WALKER, ) | |
| ) | |
| ) | |
| Defendant. ) | |

# O R D E R

The matter before the Court is Plaintiffs' Motion for Summary Judgment, Plaintiffs' Memorandum in Support of Motion for Summary Judgment, Defendant's Suggestions in Opposition to Plaintiffs' Motion for Summary Judgment and Memorandum in Support and Plaintiffs' Reply in Support of Plaintiffs' Motion for Summary Judgment. Upon consideration of the record as a whole, the Court issues the following **FINDINGS OF FACT**:

Plaintiffs Sailor Music, Controversy Music, Innocent Bystander, Write Treatage Music, Universal-Polygram International Publishing, Inc. and Hideout Records and Distributors, Inc. (Gear Publishing Division) (hereinafter "Plaintiffs") granted the American Society of Composers, Authors and Publishers (hereinafter "ASCAP") a nonexclusive right to license public performance rights of Plaintiffs' compositions. ASCAP is a performing rights licensing organization that issues licenses to perform songs in the ASCAP repertory on behalf of its members. Plaintiffs are all a members of ASCAP. Plaintiffs allege that Twister's Iron Horse Saloon, L.C. (hereinafter "Twister's") and Debtor Douglas Walker (hereinafter "Debtor") as manager and operator of Twister's, infringed on

Plaintiffs' copyrights through at least four (4) unauthorized performances of Plaintiffs' compositions. Plaintiffs brought an action for copyright infringement against Twister's and Debtor[1] on June 21, 2010 in the United States District Court for the Eastern District of Missouri (hereinafter "District Court" or "District Court Case"). Debtor filed an Answer to the Complaint however Debtor did not comply with Plaintiffs' discovery requests.

On April 13, 2011, the District Court entered an Order which granted Plaintiffs' Motion to Compel Debtor to respond to Plaintiffs' First Request for Production of Documents and further ordered Debtor to respond to Plaintiffs' discovery requests before April 20, 2011. On May 18, 2011, the District Court entered an Order to Show Cause which stated that Debtor had until May 25, 2011 to show cause why default judgment as to liability for infringement on Plaintiffs' copyrights should not be entered against Debtor due to Debtor's failure to comply with the District Court's April 13, 2011 Order. Debtor did not respond to the District Court's Order to Show Cause.

On May 31, 2011, the District Court entered a Default Judgement as to liability for copyright infringement against Debtor as a sanction for Debtor's willful failure to comply with discovery. On August 3, 2011, a Memorandum and Order was entered on Plaintiffs' Motion for Default Judgment and for a judgement as to relief against Debtor in the District Court Case. The District Court made the following findings and conclusions: Despite numerous notices of the need to have a performance license from ASCAP, which began as early as May 2006, Debtor and Twister's "willfully and knowingly" infringed on Plaintiffs' copyrights by performing Plaintiffs' compositions on July 15, 2009. *Sailor Music v. Twister's Iron Horse Saloon, L.C.,* 2011 WL 3349816 * 1 (E.D. Mo. 2011) (emphasis added). The District Court granted Plaintiffs' request for an injunction against both Debtor and Twister's pursuant to 17 U.S.C. Sections 504 and 505 which restrains future infringement and further awarded statutory damages of $7,000.00 per infringement for a sum of

---

[1] April Twist was voluntarily dismissed from the District Court Case.

$28,000.00, plus $12,649.50 in attorney's fees in connection with the District Court Case and costs of $582.40. *Id.* at *3. Debtor and Twister's were held to be jointly and severally liable. *Id.* The District Court granted Plaintiffs' requests based on the evidence presented and based on Debtor and Twister's conduct in District Court which suggested that both Debtor and Twister's acted with disregard for the legal requirement to obtain a license to perform copyrighted musical compositions. *Id.* at *2.

On November 16, 2011, Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. Debtor claims at least a 50% ownership interest in Twister's on Debtor's Schedule B. Plaintiffs seek to have the debt owed to Plaintiffs by Debtor declared nondischargable under Section 523(a)(6). Plaintiffs have filed a Motion for Summary Judgment in which they argue that the District Court Default Judgement and Memorandum and Order conclusively established the elements necessary for this Court to conclude that Debtor acted willfully and maliciously towards Plaintiffs and the debt should be excepted from discharge pursuant to Section 523(a)(6). In support, Plaintiffs submit the affidavit of Douglas Jones, Manager of Litigation Services for General Licensing at ASCAP which discusses the numerous telephonic, in-person and mail correspondence with Debtor discussing the need for Debtor and Twister's to obtain a license from ASCAP to perform ASCAP's compositions at Twister's. Attached to the affidavit of Douglas Jones are copies of numerous letters sent to Debtor's attention concerning the need for Debtor to obtain a license to lawfully perform ASCAP's compositions, as well as a proposed ASCAP license and potential liability under federal copyright law for failure to obtain a license. The letters are dated May 3, 2006, June 16, 2006, July 7, 2006, July 27, 2006, August 29, 2006, October 12, 2006, December 12, 2006, June 8, 2007, July 31, 2007, August 15, 2007, September 24, 2007, November 6, 2007, January 30, 2008 and September 17, 2009. Debtor did not take any of ASCAP's phone calls nor did Debtor respond to any of ASCAP's letters. In the alternative, Plaintiffs argue that based on the record in the District Court Case, there is sufficient evidence for this Court to independently deduce and

conclude that the requirements of Section 523(a)(6) are met.

Debtor argues that it is not possible under the law for a default judgment to have preclusive effect in a Section 523(a)(6) dischargeability matter. Debtor further argues that there are genuine issues of material fact as to whether Debtor acted willfully and maliciously as contemplated by Section 523(a)(6) and therefore Plaintiffs are not entitled to judgment as a matter of law.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 (2012) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. §157(b)(2)(I) (2012). Venue is proper in this District under 28 U.S.C. § 1409(a) (2012).

## CONCLUSIONS OF LAW

The Court must determine if the Default Judgment and Findings and Conclusions in the District Court's Memorandum and Order are sufficient for this Court to conclude that the debt owed by Debtor to Plaintiffs should be excepted from discharge under Section 523(a)(6). The Court must also determine if the record conclusively establishes that Plaintiffs are entitled to summary judgment. The Court rules as follows.

"A motion for summary judgment proceeds under Rule 56 of the Federal Rules of Civil Procedure, made applicable in Bankruptcy proceedings by Rule 7056." *In re Gardner*, 220 B.R. 63, 64 (Bankr. E.D. Mo. 1998). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits…show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2550, 91 L. Ed. 2d 265, 273 (1986). The moving party has the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Id.* at 323. Once the movant satisfies this burden, the burden shifts to the non-moving party. *Id.* When ruling on a motion for summary

judgment, a court must view all facts in a light most favorable to the non-moving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir. 1989) (citing *Trnka v. Elanco Prods. Co.*, 709 F.2d 1223, 1224-25 (8th Cir. 1983)).

Collateral estoppel prohibits the relitigation of issues that have been adjudicated in a prior action. *In re Bush,* 62 F.3d 1319, 1322 (11th Cir. 1995). The principles of collateral estoppel apply in proceedings to determine the dischargeability of debt in bankruptcy court. *Grogan v. Gardner,* 498 U.S. 279, 285 n.11, 111 S. Ct. 654, 658 n.11, 112 L.Ed.2d 755 (1991). A court must apply the preclusion law of the jurisdiction in which the underlying judgment was entered. *In re Asbury,* 195 B.R. 412, 415 (Bankr. E.D. Mo. 1996). "Where the issue previously litigated was litigated under federal law, a bankruptcy court will evaluate the effect, if any, of collateral estoppel, by applying federal common law." 2 Collier Bankruptcy Manual ¶ 523.03 (4th ed. 2011). The federal rules of collateral estoppel are:

> (1) The issue in the prior action and the issue in the bankruptcy court are identical;
> (2) The bankruptcy issue was actually litigated in the prior action;
> (3) The determination of the issue in the prior action was a critical and necessary part of the judgment in that litigation; and
> (4) The burden of persuasion in the discharge proceeding must not be significantly heavier than the burden of persuasion in the initial action.

*In re Bush,* 62 F. 3d at 1322; Restatement (Second) of Judgments § 28(4) (1982). "Collateral estoppel requires that the precise issue in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome." *Spilman v. Harley,* 656 F.2d 224, 228 (6th Cir. 1981). Collateral estoppel does not bar relitigation in the bankruptcy court if the important issues were not actually litigated in the prior proceeding, as is the case with a default judgment. *Id.* (citations omitted). "In view of the strong federal policy of assuring that the exceptions to discharge under subsections 523(a)(2), (4) and (6)

-5-

not be entered based upon a default of the debtor in a nonbankruptcy court, which is evidenced by the exclusive jurisdiction given to the bankruptcy courts to decide those matters," courts should not apply collateral estoppel in cases where the debtor did not substantially participate. 2 Collier Bankruptcy Manual ¶ 523.03 (4th ed. 2011).

Debts arising from willful and malicious injury by a debtor are excepted from discharge under Section 523(a)(6). 11 U.S.C. § 523(a)(6) (2011). Willfulness and maliciousness are two distinct elements of Section 523(a)(6). *In re Patch*, 526 F.3d 1176, 1180 (8th Cir. 2008) (citing *In re Scarborough,* 171 F.3d 638, 641(8th Cir. 1999), *cert. denied,* 528 U.S. 931, 120 S.Ct. 330, 145 L.Ed.2d 258 (1999)). To prove willfulness, the creditor must show by a preponderance of the evidence that debtor intended the injury, not just a deliberate or intentional act leading to injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998); *Grogan v. Garner,* 498 U.S. 279, 280, 111 S.Ct. 654, 655, 112 L.Ed.2d 755 (1991). "If the debtor knows that the consequences are certain, or substantially certain, to result from his conduct, the debtor is treated as if he had, in fact, desired to produce those consequences." *In re Patch,* 526 F.3d at 1180. Debts arising from recklessly or negligently inflicted injuries do not fall within the compass of Section 523(a)(6). *Kawaauhau,* 523 U.S. at 64*,* 118 S.Ct. at 978. To prove malice, the creditor must prove debtor's conduct was specifically targeted at the creditor and was certain or almost certain to cause harm. *In re Madsen,* 195 F.3d 988, 989 (8th Cir. 1999) (citing *In re Long,* 774 F.2d 875, 881 (8th Cir. 1985)). The Eighth Circuit Court of Appeals has set a high bar for certainty of harm regarding willful and maliciousness for the purposes of Section 523(a)(6). *In re Adams*, 349 B.R. 199, 203 (Bankr. W.D. Mo. 2006) (citing *In re Hartley,* 869 F.2d 394 (8th Cir. 1989) (citations omitted)).

Plaintiffs seek a determination that the record and conclusions of the District Court are sufficient for this Court to conclude that Debtor's actions rise to the level of willfulness and maliciousness such that the debt owed by Debtor to Plaintiffs should be excepted from discharge.

The federal collateral estoppel requirements first call for this Court to evaluate whether the issue presented before the District Court is identical to the issue presented before this Court.

In order to establish a prima facie case for infringement of copyright in musical compositions, a plaintiff must prove the following five elements:

> (1) the originality and authorship of the compositions involved;
> (2) compliance with all formalities required to secure a copyright under Title 17, United States Code;
> (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in this action;
> (4) that the compositions were performed publicly for profit [by the defendants]; and
> (5) that the defendants had not yet received permission from any of the plaintiffs or their representatives for such performances.

*Collins Court Music, Inc. v. Pulley,* 704 F.Supp. 963, 964 (W.D.Mo.1988) (citing *Van Halen Music v. Palmer,* 626 F.Supp. 1163, 1165 (W.D.Ark.1986)). Liability for copyright infringement may also be imposed against a person who did not actually perform the copyrighted composition if that person (a) had the right and ability to control the infringing activity; and (b) if the person had a direct financial interest in that activity. *Sailor Music v. IML Corp.,* 867 F.Supp 565, 569 (E.D. Mich. 1994). In the District Court Case, a Default Judgment was entered against Debtor as the individual who managed and controlled the operation of Twister's at the time of the infringing conduct, and therefore, Debtor was jointly and severally liable for copyright infringement. Under the Copyright Act, a copyright owner may elect to recover an award of statutory damages instead of actual damages and lost profits. See 17 U.S.C. § 504(c)(1) (2012).

A court may award statutory damages of "not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1) (2012). In awarding statutory damages for copyright infringement, a district court considers at least the following: "(1) the expenses saved and profits reaped by defendants in connection with the infringement; (2) revenues lost by plaintiffs; and (3) whether the infringement was willful and knowing or accidental and innocent." *Cross Keys Publ'g Co. v. L L Bar T Land & Cattle Co.,* 887 F. Supp. 219, 224 (E.D. Mo. 1995). The Copyright Act

does not define 'willful' however, federal courts have determined that willfulness may be based on actual or constructive knowledge of the infringement, or reckless disregard of a copyright holder's rights. *Lyons P'ship, L.P. v. Morris Costumes, Inc.,* 243 F.3d 789, 799 (4th Cir.2001) (citing *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.,* 807 F.2d 1110, 1115 (2d Cir. 1986)); *RCA/Ariola Intern., Inc. v. Thomas & Grayston Co.,* 845 F.2d 773, 779 (8th Cir. 1988).

None of the criteria for copyright infringement are identical to the criteria to except a debt from discharge pursuant to Section 523(a)(6). In determining whether it is proper to award statutory damages for copyright infringement, a court does consider whether the infringement was willful and knowing. In the context of statutory damages for copyright infringement, 'willfulness' means that the defendant acted with knowledge that their conduct constitutes copyright infringement and will therefore cause harm to the plaintiff. In the context of excepting a debt from discharge however, willfulness means that the plaintiff proved by a preponderance of the evidence that the debtor intended to cause the harm to that plaintiff or debtor knew that the consequences of his actions were certain or substantially certain to cause the intended harm to the plaintiff.

At the onset, the first prong of federal collateral estoppel cannot be met because the considerations of the District Court for copyright infringement and this Court's considerations to except a debt from discharge pursuant to Section 523(a)(6) are starkly different. The District Court however did consider Debtor's willfulness in determining the appropriate amount of statutory damages to award to Plaintiffs. Nonetheless, even if this Court were to conclude that the District Court's considerations of willfulness were sufficiently similar so as to constitute willfulness under Section 523(a)(6), there was no determination as to maliciousness by the District Court as it was not required to make any such determination. Willfulness and maliciousness are two distinct elements of Section 523(a)(6). As such, the federal collateral estoppel requirements cannot be met and Plaintiffs are not entitled to summary judgment on that basis.

Plaintiffs nonetheless argue that the record before this Court, to the inclusion of Plaintiffs'

-8-

exhibits submitted in support of Plaintiffs' Motion for summary judgment, are sufficient proof that Plaintiffs are entitled to Summary Judgment. Thus the question is whether this Court can deduce from the record of the District Court Case that Debtor's conduct meets the Section 523(a)(6) standard of willfulness and maliciousness.

Any attempt at this late hour to dispute the findings and conclusions of the District Court are futile. At this stage, there is no question as to liability or the amount of the judgment. However, because Bankruptcy Courts are divested with exclusive jurisdiction over determinations of dischargeability pursuant to Section 523(a)(6), this Court must independently evaluate whether the separate requirements of willfulness and maliciousness are met. The record in the District Court Case is daunting, at least as to willfulness. Nonetheless, given that liability was reached by Default Judgement, this Court concludes that it is premature to determine whether Debtor's conduct rises to the level required under Section 523(a)(6) in the Eighth Circuit. The Court is especially cautious in making such a determination at this early stage because of the heightened standards of Section 523(a)(6) in the Eighth Circuit which requires that only acts done with actual intent to cause harm may be excepted from discharge under Section 523(a)(6). *See Kawaauhau v. Geiger,* 523 U.S. 57, 118 S. Ct. 974, 140 L.Ed.2d 90 (1998). There appears to be some question of fact as to Debtor's actual intent which precludes summary judgment at this stage at least insofar that Debtor denies that he acted willfully and maliciously and at summary judgment, all facts must be viewed in the light most favorable to the non-moving party. Therefore,

**IT IS ORDERED THAT** Plaintiffs Sailor Music, Controversy Music, Innocent Bystander, Write Treatage Music, Universal-Polygram International Publishing, Inc. and Hideout Records and Distributors, Inc.'s (Gear Publishing Division) Motion for Summary Judgment is **DENIED**.

*/s/ Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: September 13, 2012
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO 63102

Stephen C. Hiotis
Copeland Thompson Farris PC
231 S. Bemiston
Suite 1220
Clayton, MO 63105

Innocent Bystander
231 S. Bemiston, Ste 1220
Clayton, MO 63105

Universal Polygram International Publishing, Inc.
231 S. Bemiston, Ste 1220
Clayton, MO 63105

Doug Walker
P.O. Box 129
Imperial, MO 63052

Thomas H. Riske
Desai Eggmann Mason LLC
7733 Forsyth Blvd., Suite 2075
Clayton, MO 63105

Sailor Music
231 S. Bemiston, Ste 1220
Clayton, MO 63105

Controversy Music
231 S. Bemiston, Ste 1220
Clayton, MO 63105

Write Treatage Music
231 S. Bemiston, Ste 1220
Clayton, MO 63105

Hideout Records and Distributors, Inc. (Gear Publishing Division)
c/o Stephen C. Hiotis
231 S. Bemiston, Ste. 1220
Clayton, MO 63105

Spencer P. Desai
Desai Eggmann Mason LLC
Pierre Laclede Center
7733 Forsyth Boulevard, Suite 2075
St. Louis, MO 63105