# United States Bankruptcy Appellate Panel
### For the Eighth Circuit

_____

No. 14-6012
_____

In re: Doug Walker; Carmen Walker

*Debtor*s

------------------------------

Sailor Music; Controversy Music; Innocent Bystander; Write Treatage Music; Universal Polygram International Publishing, Inc.; Hideout Records and Distributors, Inc., (Gear Publishing Division)

*Plaintiffs - Appellees*

v.

Doug Walker

*Defendant - Appellant*
_____

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: July 17, 2014
Filed: August 8, 2014
_____

Before KRESSEL, SALADINO and SHODEEN, Bankruptcy Judges.
_____

KRESSEL, Bankruptcy Judge.

The debtor, Doug Walker, appeals the bankruptcy court's[1] order determining that a debt arising from a civil judgment in favor of the appellees, Sailor Music, Controversy Music, Innocent Bystander, Write Treatage Music, Universal Polygram International Publishing, Inc. and Hideout Records and Distributors, Inc., for copyright infringement was excepted from discharge under 11 U.S.C. § 523(a)(6). We affirm.

BACKGROUND

The debtor was a managing member of Twister's Iron Horse Saloon. He was involved in various day-to-day operations such as maintaining inventory and cash registers and making bank deposits. Under the debtor's control, Twister's often played music and hosted musical performances. Some of the music played or performed was included in the repertoire of the American Society of Composers, Authors and Publishers. ASCAP is a professional membership organization of song writers, composers and music publishers. In accordance with Federal copyright law, ASCAP licenses and promotes the music of its members. It also obtains compensation for the public performances of their works and distributes the royalties based upon on those performances. The appellees granted ASCAP a nonexclusive right to license public performance rights of their works.

Twister's did not hold a public performance license. ASCAP became aware of this and promptly contacted the debtor to offer him a license. The debtor did not respond to ASCAP's offer. Thereafter, from May 2006 through September 2009,

---

[1] The Honorable Kathy A. Surratt-States, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

2

ASCAP unsuccessfully attempted to contact the debtor 44 times: twice in person, 14 times by mail and 28 times by telephone. The mail was sent to the debtor's attention at the address listed for Twister's by the Missouri Secretary of State and Alcohol Beverage Licensing. None of the mail was returned as undeliverable. The phone calls were made on various days and at various times. Despite the fact that the debtor was often present at Twister's, ASCAP was unable to reach him.

Receiving no response from the debtor, ASCAP sent an investigator to Twister's. On July 15, 2009, the investigator arrived at Twister's and took note of all the songs that were played during the time he was present. At least four unauthorized performances of the appellees' copyrighted material took place.

In a letter dated September 17, 2009, ASCAP informed the debtor of the violations and offered to settle. The letter was delivered to Twister's return receipt requested. The receipt was signed by the debtor and confirmed that delivery was made on September 23, 2009. The debtor does not dispute that he signed the receipt, however, he claims that he could not recall reading the letter. Consequently, he did not accept the settlement offer.

In June 2010, the appellees brought an action for copyright infringement against the debtor and Twister's in the United States District Court of the Eastern District of Missouri. The debtor failed to comply with discovery and the district court entered a default judgment against the debtor as to his liability as a sanction for his willful failure to comply. On August 3, 2011, a final judgment was entered against the debtor and Twister's, jointly and severally, in the amount of $41,231.90 for violating Federal copyright law.

On November 16, 2011, the debtor filed a chapter 7 petition. Shortly thereafter, the appellees filed this adversary proceeding to determine the dischargeability of their judgment. The appellees argued that the debt was nondischargeable pursuant to § 523(a)(6) because the debtor's actions were willful and malicious.

A trial was held and the bankruptcy court issued a written opinion holding that the debtor had willfully failed to obtain an ASCAP license and maliciously disregarded the rights of ASCAP's members and Federal copyright law. As such, the debt was excepted from discharge and a judgment to that effect was entered. The debtor filed a timely notice of appeal.

STANDARD OF REVIEW

We review the bankruptcy court's factual findings for clear error and legal conclusions *de novo*. *Johnson v. Fors (In re Fors)*, 259 B.R. 131, 135 (B.A.P. 8th Cir. 2001) (citing *Snyder v. Dewoskin (In re Mahendra)*, 131 F.3d 750, 754 (8th Cir. 1997)). "'The bankruptcy court's determination of whether a party acted willfully and maliciously inherently involves inquiry into and finding of intent, which is a question of fact.'" *Id*. (quoting *Eldridge v. Waugh (In re Waugh)*, 95 F.3d 706, 710 (8th Cir. 1996)).

LAW

Section 523(a)(6) of the Bankruptcy Code provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –
(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

4

A plaintiff must prove nondischargeability by a preponderance of the evidence. *See Fischer v. Scarborough (In re Scarborough)*, 171 F.3d 638, 641 (8th Cir. 1999). It is well established in the Eighth Circuit that the elements of 'malice' and 'willfulness' must be separately analyzed. *Barclays American/Bus. Credit, Inc. v. Long (In re Long)*, 774 F.2d 875 (8th Cir. 1985); *see also Johnson v. Miera (In re Miera)*, 926 F.2d 741 (8th Cir. 1991); *In re Fors*, 259 B.R. 131.

"The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional act that leads to injury…" *Kawaauhua v. Geiger*, 523 U.S. 57, 61 (1998). The 'willful' element is a subjective one. *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180 (8th Cir. 2008). "If the debtor knows that the consequences are certain, or substantially certain, to result from his conduct, the debtor is treated as if he had, in fact, desired to produce those consequence." *Id.*

Malice requires more than just reckless behavior by the debtor. *Scarborough*, 171 F.3d at 641 (citing *In re Miera*, 926 F.2d at 743). The defendant must have acted with the intent to harm, rather than merely acting intentionally in a way that resulted in harm. *Id.* "'Circumstantial evidence of the debtor's state of mind [can] be used to ascertain whether malice existed.'" *In re Fors*, 259 B.R. at 139 (quoting *In re Miera*, 926 F.2d at 744).

"'If the debtor was aware of the plaintiff-creditor's right under law to be free of the invasive conduct of others (conduct of the sort redressed by the law on the underlying tort) and nonetheless proceeded to act to effect the invasion with particular reference to the plaintiff, willfulness is established. If in so doing the debtor intended to bring about a loss in fact that would be detrimental to the

5

plaintiff, whether specific sort of loss the plaintiff actually suffered or not, malice is established.'" *Sells v. Porter (In re Porter),* 375 B.R. 822, 828 (B.A.P. 8th Cir. 2007) aff'd, 539 F.3d 889 (8th Cir. 2008) (quoting *KYMN, Inc. v. Langeslag (In re Langeslag)*, 366 B.R. 51, 59 (Bankr. D. Minn 2007)).

ANALYSIS

The debtor argues that the bankruptcy court erred in determining that maliciousness and willfulness had been established by a preponderance of the evidence. He maintains that he could not have *intentionally* injured the appellees because he was unaware that Twister's needed a public performance license. According to the debtor, he did not receive any of ASCAP's attempted contact and the first time he was aware of any possible copyright violation was when the appellees filed suit against him in Federal district court. One of the problems with the debtor's argument is his failure to distinguish between the concepts of injury and harm. His argument also flies in the face of the factual findings of the bankruptcy court.

*Willfulness*

The Supreme Court in *Geiger* analyzed willfulness in terms of *injury*. Injury is the "invasion of any legally protected interest of another." *Restatement (Second) of Torts* § 7(1). Under § 523(a)(6), a judgment debt cannot be exempt from discharge unless it is based on an intentional tort, which requires the actor to intend "the consequences of the act rather than the act itself." *Restatement (Second) of Torts* § 8A, comment a, at 15; *Geiger*, 523 U.S. at 61. In effect, *Geiger* requires that the debtor intend the injury. *See also Allstate Ins. v. Dziuk (In re Dziuk)*, 218 B.R. 485 (Bankr. D. Minn. 1998); *In re Porter,* 375 B.R. 822.

6

The debtor argues that to prevail on the willfulness element, the appellees must prove that they actually made contact with him so he could develop the requisite knowing intent to injure appellees.  According to the debtor, absent proof that the appellees made contact, it is too speculative for the court to conclude that the appellant had the actual intent to harm the appellees.

The debtor's position is both unpersuasive and clearly contrary to the record.  It was the debtor's duty, and within the scope of his professional authority, to obtain the proper license.  As the managing member, it was also his responsibly to ensure that Twister's was complying with the applicable laws.  In this case, the debtor blatantly failed to comply with Federal copyright law.

In a span of three years, ASCAP attempted to contact the debtor an astounding 44 times.  ASCAP mailed letters, telephoned the debtor and attempted to contact him in person.  In fact, ASCAP even mailed a settlement offer return receipt requested, which the debtor himself signed.  Based on these facts, the bankruptcy court found that the debtor had intentionally ignored ASCAP's correspondence and thwarted ASCAP's attempts to contact him.  The court clearly did not believe that he had not received any of the messages or read the letters. The bankruptcy court's finding is not clearly erroneous.

"The bankruptcy court's impression of the credibility of the witnesses is entitled to great weight." *In re Fors*, 259 B.R. at 140 (citing *Commonwealth Land Title Insurance Co. v. Barber (In re Barber)*, 95 B.R. 684, 688 n. 14 (Bankr. W.D. Mo. 1988)).  "Due regard must be given to the opportunity of the bankruptcy judge to assess the credibility of the witnesses." *Id.* (citing *Walters v. Occidental Petroleum Corp. (In re Fin. Corp.)*, 1 B.R. 522, 525 (W.D. Mo. 1979), *aff'd*, 634

7

F.2d 404 (8th Cir. 1980); *See also* Fed. R. Bankr. P. 8013.  The bankruptcy court did not believe that all 44 attempts at contact somehow slipped by the debtor.  ASCAP's attempted communication was thorough and unrelenting.  In this case, even the most unorganized and incompetent management staff would be hard pressed to convince the bankruptcy court of the debtor's obliviousness.

 The debtor intentionally invaded the appellees' legally protected rights under Federal copyright law and thus intended the injury to the appellees.  These actions go beyond mere recklessness and are willful.

*Maliciousness*

In *Long,* the Eighth Circuit analyzed maliciousness in terms of *harm*.  *Long*, 774 F.2d at 881.  Harm is the "existence of loss or detriment in fact of any kind to a person resulting from any case." *Restatement (Second) of Torts* § 7(2).

In this case, the debtor's actions were malicious because he intended to harm the appellees.  The debtor did not obtain a public performance license yet he continued to play music covered by the license.  The district court for the Eastern District of Missouri found the debtor to be in violation of Federal copyright law and entered judgment against him.  The Eighth Circuit has held that the bankruptcy court may consider a violation of a statute as evidence of malicious intent.  *In re Fors*, 259 B.R. at 139.   And, one court has held that the debtor's intentional violation of a Federal copyright law was an aggravating feature which evinces a voluntary willingness to inflict injury. *Knight Kitchen Music v. Pineau (In re Pineau)*, 149 B.R. 239 (D. Me. 1993).

For the same reasons that the bankruptcy court found that the debtor knew he was violating the appellees' legal rights, it found that he knew they were entitled to be paid royalties which the debtor was avoiding by not obtaining a license. As a consequence, he intended to harm the appellees, making his actions malicious.

At trial, the debtor admitted that he had some general knowledge of Federal copyright law and royalties. With this general knowledge, the debtor knew or should have known that the natural consequence of a failure to obtain a license is financial harm to the appellees. Considering the district court's finding and the debtor's admitted knowledge of Federal copyright law, we agree with the bankruptcy court and conclude that the debtor intended to bring about the loss that the appellees suffered.

CONCLUSION

The debtor's actions were both willful and malicious, therefore, the appellee's claim is excepted from discharge under § 523(a)(6). The judgment of the bankruptcy court is affirmed.

_____

# United States Bankruptcy Appellate Panel
*For The Eighth Circuit*

Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, 24th Floor
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Panel Clerk*

**VOICE (314) 244-2430**
**FAX (314) 244-2431**
www.ca8.uscourts.gov

August 08, 2014

Mr. Spencer P Desai
Mr. Thomas H. Riske
Ms. Danielle Suberi
DESAI & EGGMANN
Suite 2075
7733 Forsyth Boulevard
Saint Louis, MO  63105

     RE:  14-6012  Sailor Music, et al v. Doug Walker

Dear Counsel:

     Enclosed is a copy of the opinion filed today in the referenced case.  Judgment in accordance with the opinion is also entered today.

                          Michael E. Gans
                          Panel Clerk

CAH

Enclosure(s)

cc:    Mr. Douglas A. Copeland
       Ms. Rachel A. Jeep
       Ms. Dana McWay
       Mr. Paul Randolph
       Mr. Richard H. Reimer
       Mr. Jackson Wagener
            Bankruptcy Court Case Number(s):   12-04013

**United States Bankruptcy Appellate Panel**
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, 24th Floor
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Panel Clerk*

VOICE (314) 244-2430
FAX (314) 244-2431
www.ca8.uscourts.gov

August 08, 2014

West Publishing
Opinions Clerk
Building D D4-40
610 Opperman Drive
Eagan, MN  55123-0000

RE:  14-6012  Sailor Music, et al v. Doug Walker

To Whomever It May Concern:

Enclosed is a copy of the opinion of this Panel filed as noted.

Counsel who presented argument on behalf of the appellant was Thomas H. Riske, of Saint Louis, MO. The following attorney(s) appeared on the appellant brief;  Spencer P Desai, of Saint Louis, MO.,  Thomas H. Riske, of Saint Louis, MO.

Counsel who presented argument on behalf of the appellee was Douglas A. Copeland, of Saint Louis, MO. The following attorney(s) appeared on the appellee brief;  Richard H. Reimer, of New York, NY.,  Douglas A. Copeland, of Saint Louis, MO.,  Rachel A. Jeep, of Saint Louis, MO.,  Jackson Wagener, of New York, NY.

The judge who heard the case in the bankruptcy court was the Honorable Kathy A. Surratt-States. The judgment of the bankruptcy court was entered on April 18, 2014.

If you have any questions concerning this case, please call this office.

Michael E. Gans
Panel Clerk

CAH

Enclosure(s)

Bankruptcy Court Case Number(s):   12-04013